UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODERICK IVORY, )<br>)<br>Plaintiff )<br>)<br>)<br>)<br>CIVIL CITY OF SOUTH BEND )<br>INDIANA, OFFICER JESS ELLIOT, )<br>SGT. JAMES WOLFF, OFFICER )<br>JOHN DOE AND JOHN ROE )<br>whose true Christian names are )<br>unknown, AND THOMAS FAUTZ, )<br>CHIEF OF POLICE, SOUTH BEND )<br>POLICE DEPARTMENT, all in their )<br>official and personal capacity )<br>Defendant ) | CAUSE NO.3:04-CV-618 RM |

OPINION and ORDER

On April 12, Officer Jess Elliott filed a motion to dismiss this action against him because on September 23, 2005 he filed for bankruptcy in the United States Bankruptcy Court of the Southern District of California, and the bankruptcy court discharged his debts on December 26. No response to the motion is needed to resolve the issues raised by Officer Elliott, so the court denies the motion without further briefing.[1]

It is unclear whether the motion is filed under Federal Rule of Civil

---

[1] The court could strike Officer Elliott's motion to dismiss pursuant to N.D. Ind. L.R. 7.1(b) ("[a]ny motion under Fed. R. Civ. P. 12 . . . shall be accompanied by a separate supporting brief."), but in the interest of justice the court declines to do so.

1

Procedure 12(b)(1) (lack of subject matter jurisdiction) or 12(b)(6) (failure to state a claim upon which relief could be granted). Treating the motion as one under Federal Rule of Civil Procedure 12(b)(1), Officer Elliott has provided no legal authority as to why the court does not have subject matter jurisdiction over this case. 28 U.S.C. § 1331 provides the federal question jurisdiction to resolve Officer Ivory's 42 U.S.C. § 1983 claims, and 28 U.S.C. § 1367 provides the supplemental jurisdiction to resolve Officer Ivory's state law claims. Nothing cited by Officer Elliott divests this court of the power to hear Officer Ivory's claims.

If the motion is deemed one brought under Federal Rule of Civil Procedure 12(b)(6), Officer Elliott states that the permanent injunction provided for in 11 U.S.C. § 524 converts all claims brought against him to ones upon which no relief can be granted. The parties already briefed this issues when it was raised by the "Notice by Officer J Elliott of Bankruptcy Filing and Discharge" filed with the court on March 8, 2006. While the court agrees with Officer Elliott that issues regarding the dischargeability of Officer Ivory's claims are best left to the bankruptcy court, this finding doesn't preclude Officer Ivory from proceeding to trial.

Officer Elliott admits he did not reference this litigation on his Statement of Financial Affairs, or in any way identify Officer Roderick Ivory as a potential creditor in the Southern District of California Bankruptcy Court. The public record of that case shows Officer Elliott signed the Statement of Financial Affairs declaring: "under penalty of perjury that [he had] read the answers contained in the foregoing statement of financial affairs and any attachments hereto and that

2

they are true and correct," but when asked to list any suits to which he was a party within one year immediately preceding the filing of the bankruptcy, he checked "none." Officer Elliott provides the court with no explanation reconciling these two patently contradicting statements.

Instead, Officer Elliott asks the court to overlook his acknowledged conduct, and use the discharge he received — a discharge based in part on his omissions regarding this litigation — to dismiss all the claims against him. The court declines to do so because the law does not require it and allowing Officer Elliott's conduct in his bankruptcy proceedings to prolong this case would be unfair to Officer Ivory, who has timely prosecuted his claims, and the public, who have an interest in the just and timely resolution of cases heard in this court.

Any issue regarding the validity of the Officer Elliott's bankruptcy proceedings must and should be addressed in the Southern District of California Bankruptcy Court, but the court will not permit his apparent misconduct to be used as a vehicle to dismiss the claims against him in this case.

Officer Elliott's motion to dismiss is DENIED [Doc. No. 46].

SO ORDERED.

ENTERED: <u>April 13, 2006</u>

<u>   /s/ Robert L. Miller, Jr.            </u>
Chief Judge
United States District Court